UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

RACQUEL ROACHE,

    Plaintiff,

vs.

BAPTIST HEALTH SOUTH
FLORIDA, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, RACQUEL ROACHE ("Ms. Roache" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, BAPTIST HEALTH SOUTH FLORIDA, INC. ("BHSF" or "Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for religious discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**JURISDICTION AND CONDITIONS PRECEDENT**

2. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as do her Title VII claims.

4. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on or about August 30, 2022, alleging discrimination and retaliation based on religion against Defendant.

5. More than 180 days have passed since the filing of the Charge of Discrimination, rendering Plaintiff's FCRA claims ripe for filing.

6. On or about April 5, 2023, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

7. Plaintiff timely files this lawsuit within the applicable period(s) of limitations against Defendant, and has complied with all administrative prerequisites.

8. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

9. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

10. Plaintiff, who is an adult female of devout Christian faith, specifically Pentecostal, is protected by Title VII and the FCRA because:

   a. She suffered discrimination and retaliation by Defendant on the basis of her sincerely-held religious beliefs; and

   b. She suffered an adverse employment action and was subjected

2

to an increasingly hostile work environment based on her sincerely-held religious beliefs, including being discharged for same.

11. Defendant was at all material times an "employer" as defined by Title VII and the FCRA, as it employed in excess of fifteen (15) employees.

12. Plaintiff was at all material times an "employee" as defined by Title VII and the FCRA.

13. Defendant is a Florida not for profit corporation that is registered to do business in the state of Florida, including, among other places, Palm Beach County, Florida.

## GENERAL ALLEGATIONS

14. Ms. Roache worked for BHSF, most recently as a Pharmacist, from May of 2018 until her unlawful and retaliatory termination on November 7, 2021.

15. Ms. Roache worked at a very high level and without issue until, in the late Fall of 2021, BHSF instituted a wholly unlawful vaccine mandate related to the COVID-19 cold virus, which, contrary to federal and state law, failed to allow for proper religious exemptions and accommodations in violation of Title VII and the FCRA.

16. In order to stay true to her sincerely-held religious beliefs, on September 30, 2021, Ms. Roache properly and timely submitted a valid exemption from BHSF's heavy-handed and ill-considered vaccine mandate.

17. Just a few days later, BHSF Benefits Representative, Lisa Miranda-Sixto, informed Ms. Roache that her exemption had been denied due to the fact that it was not submitted by BHSF's completely arbitrary fabricated "deadline" of September 12, 2021.

18. In response to this, Ms. Roache properly objected to Ms. Miranda-Sixto that BHSF's denial based on phonied-up "timing" was unlawful under Title VII and the FCRA.

19. Ms. Roache's objections constituted protected activity under Title VII and the FCRA.

20. Ms. Roache's objections were to actual violations of Title VII and the FCRA.

21. Alternatively, Ms. Roache's objections were to what Ms. Roache reasonably believed to be actual violations of Title VII and the FCRA.

22. BHSF ignored Ms. Roache's objections to its unlawful, high-handed, and arbitrary denial of her valid objection grounded in Ms. Roache's sincerely-held religious convictions and beliefs, and continued to retaliate against Ms. Roache for the duration of her employment with BHSF.

23. Throughout October of 2021, Ms. Roache vigorously attempted to appeal BHSF's capricious and discriminatory denial of her exemption, but to no avail.

24. On November 1, 2021, BHSF placed Ms. Roache on a so-called "leave of absence," unpaid, in retaliation for Ms. Roache's sincerely-held religious beliefs and submission of exemption from BHSF's incontinent, reckless, and punitive vaccine mandate.

25. At no time did BHSF engage in the interactive process required under Title VII and the FCRA to assess whether a religious exemption should be acknowledged in Ms. Roache's case.

26. Instead, BHSF unilaterally and in high-handed fashion denied the accommodation of an employee, Ms. Roache, due to her sincerely-held religious beliefs, and due to feigned adherence to an artificial and arbitrary internal "deadline," without providing Ms. Roache any kind of explanation or alternative accommodation(s), and without even exploring the possibility of alternative accommodation(s).

27. A few days later, on November 7, 2021, BHSF informed Ms. Roache that it had decided to terminate her employment, effective immediately.

28. Ultimately, BHSF failed to provide Ms. Roache a reasonable accommodation that was plainly and unambiguously intended to relieve her of the burden of choosing between her job and her sincerely-held religious convictions.

29. BHSF, a major company, could easily have accommodated Ms. Roache's sincerely-held religious beliefs without experiencing any undue burden, and has indeed been forced to do so since, on November 19, 2021, days after its intemperate, discriminatory, and retaliatory termination of Ms. Roache, the State of Florida passed Fla. Stat. § 381.00317, which greatly broadened protections for exemptions such as that validly and timely submitted by Ms. Roache in Florida.

30. It therefore cannot be said, or even argued, that accommodating Ms. Roache's sincerely-held religious beliefs and convictions in the few weeks prior to passage of Fla. Stat. § 381.00317 would or could have imposed an undue hardship on BHSF.

31. Title VII prohibits religious discrimination in the workplace, and requires an employer to provide a reasonable accommodation for an employee's sincerely-held religious beliefs, practices, or observance.

32. Plaintiff's termination constitutes an adverse action as defined by Title VII and the FCRA.

33. Plaintiff suffered an adverse action as a result of her religion.

34. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties with reasonable religious accommodation, and had done so for years.

35. Plaintiff's disclosure of her religion and her need for religious accommodation are causally connected to her discharge, and the temporal proximity between the two events is very close.

36. Defendant does not have a non-discriminatory, non-retaliatory rationale for

allowing and participating in the discrimination and retaliation and termination suffered by Plaintiff.

37. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards her.

38. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

39. Plaintiff realleges and adopts the allegations contained in paragraphs 1-38 as if fully set forth in this Count.

40. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under Title VII.

41. The discrimination to which Plaintiff was subjected was based on her religion and her need for religious accommodation.

42. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's religious beliefs or practices, in violation of Title VII.

43. Title VII prohibits religious discrimination/retaliation in the workplace, and requires an employer to provide a reasonable accommodation when an employee's sincerely held religious beliefs, practices, or observance conflict with a work requirement, unless doing so would cause the employer an undue hardship. *See, e.g., Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

44. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

45. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

47. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, back pay, lost wages, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II: RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FCRA

48. Plaintiff realleges and adopts the allegations contained in paragraphs 1-38 as if fully set forth in this Count.

49. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under the FCRA, Chapter 760, Florida Statutes.

50. The discrimination to which Plaintiff was subjected was based on her religion and her need for religious accommodation.

51. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's religious beliefs or practices, in violation of the FCRA.

52. The FCRA prohibits religious discrimination/retaliation in the workplace, and requires an employer to provide a reasonable accommodation when an employee's sincerely held religious beliefs, practices, or observance conflict with a work requirement, unless doing so would cause the employer an undue hardship. *See, e.g., Telfair v. Federal*

*Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

53. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, back pay, lost wages, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT III:  RETALIATION IN VIOLATION OF TITLE VII BASED ON RELIGION

57. Plaintiff realleges and adopts the allegations contained in paragraphs 1-38 as if fully set forth in this Count.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

59. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on religion.

60. Plaintiff's termination was in close temporal proximity to her objections to Defendant that she felt she was being discriminated against based on religion.

61. Plaintiff's objections constituted protected activity under Title VII.

62. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination.

63. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

64. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

68. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, back pay, lost wages, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT IV:  RETALIATION IN VIOLATION OF THE FCRA BASED ON RELIGION

69. Plaintiff realleges and adopts the allegations contained in paragraphs 1-38 as if fully set forth in this Count.

70. The acts of Defendant, by and through its agents and employees, violated

Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

71. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on religion.

72. Plaintiff's termination was in close temporal proximity to her objections to Defendant that she felt she was being discriminated against based on religion.

73. Plaintiff's objections constituted protected activity under the FCRA.

74. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination.

75. Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

76. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

80. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, back pay, lost wages, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 3rd day of July, 2023.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*