UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:23-CV-80994-AMC

RACQUEL ROACHE,

    Plaintiff,
vs.

BAPTIST HEALTH SOUTH FLORIDA, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Baptist Health South Florida, Inc. ("Baptist"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for an Order dismissing the Complaint filed by Plaintiff, Racquel Roache ("Plaintiff") (D.E. 1), for failure to state a claim upon which relief may be granted. In support of this Motion, Baptist states:

**Introduction**

In the instant action, Plaintiff asserts claims for religious discrimination and retaliation arising under Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act ("FCRA"). In the Complaint, Plaintiff names Baptist as the Defendant and claims that Baptist was Plaintiff's employer. *See* Compl., ¶¶ 9, 14. Plaintiff also claims that she filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging discrimination and

1

retaliation based on religion *against Baptist.* *Id.* at ¶ 4. However, the Charge[1] named "Baptist Health South Florida, Inc. d/b/a Boca Raton Regional Hospital" as the Respondent (*see* Ex. A) and it was Boca Raton Regional Hospital ("BRRH"), not Baptist, that submitted a Position Statement in response to Plaintiff's Charge. BRRH, not Baptist, was Plaintiff's employer. Thus, because an employee can only maintain a claim for employment discrimination under Title VII and the FCRA against their employer, and because Baptist was in fact not Plaintiff's employer, the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

## Memorandum of Law

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1321 (S.D. Fla. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, a complaint must provide more than "labels and conclusions, and a formulaic recitation of the cause of action will not do." *Twombly*, 127 S.Ct. at 1959. Thus, "[c]onclusory allegations…or legal conclusions

---

[1] Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A." The Court may consider Plaintiff's Charge in ruling on Baptist's Motion to Dismiss as the document is central to Plaintiff's claims and its authenticity cannot reasonably be disputed. *See McClure v. Oasis Outsourcing II, Inc.,* 674 Fed. Appx. 873, 875-76 (11th Cir. 2016) (holding the district court did not err in considering position statement, charge of discrimination, and notice of right to sue letter, all of which were outside the complaint, in granting a motion to dismiss under Rule 12(b)(6) because the documents "were central to [plaintiff's] claim" and "their authenticity was not challenged"); *Jones v. Bank of America,* 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013) (considering Charge attached to motion to dismiss in ruling on motion filed under Rule 12(b)(6), noting that the charge was "either referenced in the Complaint or central to the claims contained therein"). Plaintiff references the Charge in the Complaint (*see* Compl., ¶¶ 4-5), and the Charge is central to Plaintiff's claims. Thus, the Court can consider the Charge in ruling on Baptist's Motion to Dismiss.

masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Title VII provides that "[i]t shall be an unlawful employment practice <u>for an employer</u>" to discriminate against any individual based on a protected characteristic. *See* 42 U.S.C. § 2000e-2(a)(1)-(2) (emphasis added). Thus, to state a claim under Title VII and/or the FCRA[2], Plaintiff must adequately allege facts to prove that <u>her employer</u> discriminated against her. *See McCray v. Potter,* 263 Fed. Appx. 771, 773 (11th Cir. 2008) (explaining that "[t]he plaintiff in an employment discrimination lawsuit must show that an adverse employment action was related to <u>an employer's</u> discriminatory animus towards the employee…") (emphasis added).

In the Complaint, Plaintiff alleges, in conclusory fashion, that Baptist was her employer. *See* Compl., ¶¶ 9, 14. However, Plaintiff was employed by BRRH, not Baptist, as evidenced by the Employment Acceptance Form issued to Plaintiff by BRRH, and Plaintiff's application for employment submitted to BRRH, attached hereto as Composite Exhibit "B."[3] While BRRH is an affiliate of Baptist, Baptist was not Plaintiff's employer and the two entities are distinct. Thus, Plaintiff has failed to state a claim for relief under Title VII and the FCRA where she has asserted

---

[2] "The FCRA was modeled after and employs nearly identical language to Title VII" and "federal case law construing Title VII is persuasive authority for interpretation of the FCRA, since the FCRA mirrors and is patterned after Title VII." *Mousa v. Lauda Air Luftfahrt, A.G.,* 258 F. Supp. 2d 1329, 1340-41 (S.D. Fla. 2003).

[3] The Court can consider the Employment Acceptance Form and application for employment in ruling on Baptist's Motion to Dismiss because both documents are central to Plaintiff's claim, which is premised upon the allegation that Baptist was Plaintiff's employer. *See Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that it was proper for the district court to consider a contract that was not attached to the Complaint in ruling on a motion to dismiss because it was central to the complaint as the contract addressed an issue that was "at the very heart of" the claim); *Maldonado v. Mattress Firm, Inc.,* No. 8:13-cv-292-T-33AEP, 2013 WL 1760272, at *2 (M.D. Fla. April 24, 2013) (explaining that independent contractor agreement attached to motion to dismiss could be considered because it was central to the plaintiff's claims for unpaid compensation).

claims against an entity that was not her employer and named the incorrect entity as the Defendant in this action. *See Giannola v. WW Zephyrhills, LLC,* No. 8:10–CV–2541–T–17TBM, 2011 WL 2784617, at *4 (M.D. Fla. July 14, 2011) (noting that complaint should be dismissed as to certain defendants which were not referred to in the Charge of Discrimination because the court had no information as to how those additional defendants were connected to the plaintiff's claims or the employer named in the Charge); *Ardakani v. Florida Polytechnic University,* Case No: 8:22-cv-53-CEH-CPT, 2022 WL 1104094, at *1-2 (M.D. Fla. April 13, 2022) (dismissing complaint under Rule 12(b)(6) where plaintiff named the incorrect entity as the defendant); *Chase v. DeJoy,* Case No. 5:22-cv-102-TKW-MAF, 2023 WL 2837485, at *1 (N.D. Fla. April 7, 2023) (granting motion to dismiss for failure to state a claim because defendants were not the plaintiff's employers); *Morgan v. Alachua County,* No. 1:12–cv–161–RV–GRJ, 2013 WL 4780128, at *3 (N.D. Fla. Sept. 5, 2013) (same).

Alternatively, to the extent the Court is inclined to deny Baptist's Motion to Dismiss, BRRH requests that the Court correct the misnomer on the docket sheet so that the docket reflects that BRRH, and not Baptist, is the defendant in this case. *See Wilson v. Sprint/United Management Co.,* 2011 WL 2670184, at *n.1 (M.D. Fla. July 8, 2011) (directing the Clerk to correct misnomer on docket sheet to accurately reflect the name of plaintiff's employer as opposed to the wrong entity named in plaintiff's pleadings).

## Conclusion

WHEREFORE, Defendant, Baptist Health South Florida, Inc., respectfully requests that Plaintiff's Complaint be dismissed and that Defendant be awarded such other and further relief as the Court deems proper.

Date: July 26, 2023                                         Respectfully submitted,

                                                          By: */s/ Arlene K. Kline*  
                                                              Arlene K. Kline  
                                                              Florida Bar No. 104957  
                                                              E-mail: arlene.kline@akerman.com  
                                                              Paige S. Newman  
                                                              Florida Bar No. 1010358  
                                                              E-mail: paige.newman@akerman.com  
                                                              AKERMAN LLP  
                                                              777 South Flagler Drive  
                                                              Suite 1100 West Tower  
                                                              West Palm Beach, FL  33401-6183  
                                                              Telephone:  (561) 653-5000  
                                                              Facsimile:  (561) 659-6313

                                                             *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

                                        By:    */s/ Arlene K. Kline*  
                                                     Arlene K. Kline  
                                                     Florida Bar No. 104957

## SERVICE LIST

*Racquel Roache v. Baptist Health South Florida, Inc.*
*Case No.: 9:23-cv-80994-AMC*
**United States District Court, Southern District of Florida**

Noah Storch, Esq.
E-mail: noah@floridaovertimelawyer.com
Lisa Kuhlman Tietig
E-mail: lisa@floridaovertimelawyer.com
Richard Celler Legal, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243

*Attorneys for Plaintiff, Racquel Roache*

*(via CM/ECF)*