UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:23-CV-80994-AMC

RACQUEL ROACHE,

    Plaintiff,
vs.

BAPTIST HEALTH SOUTH FLORIDA, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, Baptist Health South Florida, Inc. ("Baptist"), by and through its undersigned counsel and pursuant to Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida and the Court's Order dated August 24, 2023 (D.E. 13), hereby files its opposition to the Motion for Leave to Amend Complaint ("Motion for Leave") filed by Plaintiff, Racquel Roache ("Plaintiff") (D.E. 12). In support of this opposition, Baptist states:

**Introduction**

In the instant action, Plaintiff asserted claims for religious discrimination and retaliation arising under Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act ("FCRA") against Baptist, alleging that Baptist was Plaintiff's employer. *See* Compl., ¶¶ 9, 14. Baptist filed a Motion to Dismiss the Complaint, arguing Baptist was not Plaintiff's employer, and thus, Plaintiff could not maintain claims for employment discrimination and retaliation against Baptist. *See* D.E. 8. In the Motion to Dismiss, Baptist explained that Boca Raton Regional Hospital ("BRRH") was Plaintiff's employer, and attached the Employment Acceptance Form and

Plaintiff's Application for Employment with BRRH as exhibits to the Motion to Dismiss, demonstrating that BRRH was Plaintiff's employer. *See id.* at Composite Ex. B. Baptist further explained that while BRRH is an affiliate of Baptist, the two entities are distinct. *See id.* at p. 3. Plaintiff did not file a response to Defendant's Motion to Dismiss, and instead filed the Motion for Leave, arguing that the Complaint should be amended to name BRRH as a defendant in this action, <u>along with</u> Baptist. *See* D.E. 12, ¶¶ 4-6.

Plaintiff claims that Baptist is properly named as a defendant in this case because Plaintiff was issued Form W-2s and paystubs identifying Baptist as her employer. *See id.,* ¶ 3. However, for the below reasons, just because Baptist is identified on Plaintiff's W-2s and the Baptist logo appears on her paystubs does not alone render Baptist a joint employer for purposes of Plaintiff's claims under Title VII and the FCRA. Accordingly, the Motion for Leave should be denied as Baptist should not be named as a defendant.

## **Memorandum of Law**

While leave to amend should be freely granted "when justice so requires," the Court "may deny leave to amend on numerous grounds, including the futility of the amendment." *Patel v. Georgia Dept. BHDD,* 485 Fed. Appx. 982 (11th Cir. 2012). "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Lopez v. City of West Miami,* Case No.: 1:14-cv-23293-UU, 2015 WL 12990226, at *1 (S.D. Fla. April 2, 2015).

Here, Plaintiff's Motion for Leave should be denied because the proposed Amended Complaint, which still names Baptist as a defendant, is subject to dismissal for the reasons set forth in Baptist's Motion to Dismiss. In the Motion for Leave, Plaintiff alleges that Baptist is properly included as a defendant in this action because Baptist and BRRH "are joint employers" and "both had the power to hire and fire Plaintiff, determine Plaintiff's rate and method of payment,

supervised and controlled Plaintiff's work schedules or conditions of employment, and/or maintained Plaintiff's employment records." *See* D.E. 12, ¶ 7. Plaintiff further claims that Baptist and BRRH "are integrated employers because they share interrelated operations, common management, overlapping officers and directors, and/or common ownership." *See id.* at ¶ 8. However, the only support Plaintiff offers for these statements in the Motion for Leave is a paystub from Plaintiff's employment that includes Baptist's logo (**but states that Plaintiff worked at BRRH**), and Form W-2s that lists Baptist. *See id.* at Ex. 1-2. However, the issuance of a paystub by an entity does not render that entity an employer for purposes of claims under Title VII and/or the FCRA.

In *Peppers v. Cobb County, Georgia,* 835 F.3d 1289, 1300-01 (11th Cir. 2016), the plaintiff argued that the District Attorney and Cobb County were the plaintiff's joint employers for purposes of his claims under Title VII. The County's involvement with the District Attorney's employee was "limited to providing the budget and benefits" and the County "played no role in hiring, supervising, firing, establishing pay, or setting the duties and responsibilities of the prosecutor's employees." 835 F.3d at 1294. The Court explained that the County's involvement with the District Attorney's Office employees "was essentially to act as a paymaster - its role consisted solely and entirely of issuing paychecks, ensuring investigators received proper benefits, distributing annual pay raises when requested and approved by the District Attorney, and approving the District Attorney's budget." *Id.* at 1300. The Court concluded that the County was not the plaintiff's employer under Title VII, noting that the County's role in issuing paychecks was insufficient to create an employment relationship where "the District Attorney alone filled nearly all of the roles traditionally filled by an employer." *Id.*

3

Similarly, here, <u>Baptist is a healthcare organization with eleven (11) hospitals in its system,</u> **<u>including BRRH</u>**. <u>Baptist processes payroll</u>, and thus, issues paychecks for BRRH. However, <u>BRRH controlled the terms and conditions of Plaintiff's employment, including but not limited to hiring Plaintiff, establishing her pay, and setting her job duties and responsibilities</u>. Plaintiff applied for a position at BRRH and was offered employment with BRRH. *See* D.E. 8, Ex. B. Plaintiff's direct supervisors were BRRH employees. Plaintiff exclusively worked at BRRH and did not work at any other hospital within the Baptist organization. Plaintiff's work schedule was set by BRRH. In the Motion to Amend and the proposed Amended Complaint, Plaintiff does not allege any specific facts indicating which factors of her employment Baptist controlled versus BRRH. Instead, Plaintiff includes two conclusory allegations stating the factors that are considered when evaluating a joint employment and integrated employment relationship (*see* D.E. 12, Ex. 3, ¶¶ 15-16), and merely replaces "BHSF" from the initial Complaint with "Defendants" throughout, making no attempt to explain which actions were taken by BRRH versus Baptist. *See Sears v. Carrier Corporation,* Case No. 3:07–CV–5–J–25JRK, 2008 WL 11334967, at *6-7 (M.D. Fla. Aug. 5, 2008) (in evaluating whether plaintiff adequately alleged a joint employment relationship for purposes of a motion to dismiss, explaining that the Second Amended Complaint "failed to allege facts sufficient to put Defendant on notice of the grounds upon which Plaintiff seeks to impose joint employer liability" where "[e]ach of the allegations purporting to support this basis of liability are conclusory allegations and legal conclusions"); *Popat v. Levy,* 253 F. Supp. 3d 527, 540 (W.D. N.Y. 2014) (dismissing claims under Title VII where plaintiff "merely recite[d] the four factors for the single employer doctrine, unaccompanied by any factual allegations to support that theory").

In short, Baptist's role as articulated by Plaintiff in the Motion to Amend is insufficient to establish that Baptist was Plaintiff's employer. *See Peppers,* 835 F.3d at 1300; *Musson v. Jones,* CIVIL ACTION NO.: 4:22-cv-124, 2023 WL 2587490, at *6-7 (S.D. Ga. March 21, 2023) (granting in part motion to dismiss and explaining that "simply being the source of an employee's income is, as a matter of law, insufficient on its own to prove a joint employer relationship"). Thus, the proposed amendment is futile and the Motion to Amend should be denied.

## Conclusion

WHEREFORE, Defendant, Baptist Health South Florida, Inc., respectfully requests that Plaintiff's Motion for Leave be denied and that Defendant be awarded such other and further relief as the Court deems proper.

Date: September 5, 2023

Respectfully submitted,

By: */s/ Arlene K. Kline*
   Arlene K. Kline
   Florida Bar No. 104957
   E-mail: arlene.kline@akerman.com
   Paige S. Newman
   Florida Bar No. 1010358
   E-mail: paige.newman@akerman.com
   AKERMAN LLP
   777 South Flagler Drive
   Suite 1100 West Tower
   West Palm Beach, FL  33401-6183
   Telephone:  (561) 653-5000
   Facsimile:  (561) 659-6313

   *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is

being served this day on all counsel of record identified on the attached Service List in the manner specified.

By: /s/ Arlene K. Kline
Arlene K. Kline
Florida Bar No. 104957

**SERVICE LIST**

*Racquel Roache v. Baptist Health South Florida, Inc.*
*Case No.: 9:23-cv-80994-AMC*
**United States District Court, Southern District of Florida**

Noah Storch, Esq.
E-mail: noah@floridaovertimelawyer.com
Lisa Kuhlman Tietig
E-mail: lisa@floridaovertimelawyer.com
Richard Celler Legal, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243

*Attorneys for Plaintiff, Racquel Roache*

*(via CM/ECF)*

72423905;2