UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80994-CIV-CANNON

**RACQUEL ROACHE**,

    Plaintiff,

v.

**BAPTIST HEALTH SOUTH FLORIDA, INC.**,

    Defendant.
_____/

## ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to Amend Complaint (the "Motion") [ECF No. 12], filed on August 23, 2023. The Motion seeks leave to file a first amended complaint to include Boca Raton Regional Hospital, Inc. ("Boca") as a named Defendant pursuant to Rule 15 of the Federal Rules of Civil Procedure [ECF No. 12]. The Court has reviewed the Motion [ECF No. 12], Defendant's Response in Opposition [ECF No. 15], the Reply [ECF No. 19], and the full record. For the reasons set forth below, the Motion [ECF No. 12] is **DENIED WITHOUT PREJUDICE**.

\*\*\*

On July 3, 2023, Plaintiff filed a complaint for employment discrimination, naming Baptist Health South Florida, Inc. ("Baptist Health") as the sole defendant [ECF No. 1]. On July 26, 2023, Defendant moved to dismiss, arguing that because Boca was Plaintiff's employer, Baptist Health is not a proper defendant in this action [ECF No. 8]. Plaintiff subsequently filed the instant Motion, seeking leave to add Boca as a Defendant alongside Baptist Health, arguing that the two are "joint employers of Plaintiff and/or integrated employers, and therefore, must both be included as named

defendants in this case" [ECF No. 12 p. 2]. Defendant responds that Baptist Health and Boca are "distinct" entities, and that because it is clear from Plaintiff's Application for Employment and Employment Acceptance Form that Boca controlled the terms and conditions of Plaintiff's employment, Boca alone is the proper Defendant in this action [ECF No. 15 pp. 2, 4]. In Reply, Plaintiff argues that the issue of whether Baptist Health was in fact a joint employer is a factual issue that is more appropriate for resolution on summary judgment [ECF No. 19 p. 2]. Plaintiff does not rebut any of the evidence cited to by Defendant in its opposition (i.e., the Employment Application and Acceptance of Employer Form), merely stating that "none of these [documents] are relevant to a determination of whether Plaintiff should be permitted to amend her complaint" [ECF No. 19 p. 1].

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a "court should freely give leave to amend the pleadings when justice so requires." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014); Fed. R. Civ. P. 15(a)(2). Although this standard is liberal, "a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting *Brewer–Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Even under the liberal amendment standard in Rule 15(a)(2), the Court agrees with Defendant that any amendment of the complaint that would retain Baptist Health as a defendant would be futile in this case. *See Cockrell*, 510 F.3d at 1310.

2

A joint employer relationship exists "where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees." *Peppers v. Cobb Cnty., Ga.*, 835 F.3d 1289, 1298 (11th Cir. 2016). Courts consider three factors when determining the existence of a joint employer relationship: "(1) whether the employment took place on the premises of the alleged employer; (2) how much control the alleged employer exerted on the employees; and (3) whether the alleged employer had the power to fire, hire, or modify the employment condition of the employees." *Jerome v. Hertz Corp.*, 15 F. Supp. 3d 1225, 1237 (M.D. Fla. 2014) (citing *Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1255 (11th Cir. 2004)).

In this case, a review of the unrebutted evidence submitted in support of the Motion [ECF Nos. 12-1, 12-2] and Defendant's pending Motion to Dismiss [ECF Nos. 8-1, 8-2] does not establish a joint employer relationship between Boca and Baptist Health with respect to Plaintiff's employment, rendering futile any amendment that retains Baptist Health as a defendant. Though Plaintiff is correct that Baptist Health is listed on both her paycheck and W-2 forms [*See* ECF Nos. 12-1, 12-2], Plaintiff ultimately applied for and accepted employment with Boca, as evidenced by her Employment Acceptance Form [ECF No. 8-2 p. 2] and Employment Application [ECF No. 8-2 pp. 3–10]. Additionally, notations on the Employment Application show sole control by Boca over Plaintiff's hours, rate of pay, and start date [ECF No. 8-2 p. 3]. Plaintiff, in the Motion [ECF No. 12] and proposed Amended Complaint [ECF No. 12-3], merely recites the elements of a joint employer relationship, without rebutting the evidence presented by Defendant in support of its Motion to Dismiss [ECF Nos. 8-1, 8-2], without specifying how Boca and Baptist Health both retained control over the terms and conditions of her employment [*See* ECF No. 12-3 ¶¶ 15–16], and without offering any additional material from which to plausibly infer that a joint

CASE NO. 23-80994-CIV-CANNON

employer relationship exists between Baptist Health and Boca. In sum, insofar as Plaintiff seeks to retain Baptist Health as a Defendant in this action [ECF No. 12-3], Plaintiff's Motion to Amend is due to be **DENIED**.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to Amend Complaint [ECF No. 12] is **DENIED WITHOUT PREJUDICE**.

2. On or before **October 2, 2023**, Plaintiff shall file a response to Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon Which Relief May be Granted [ECF No. 8].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of September 2023.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[1] This denial is without prejudice to Plaintiff's ability to make a future request to amend that would seek to substitute Boca as the sole defendant in this case.