UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80994-AMC

RACQUEL ROACHE,

        Plaintiff,

vs.

BAPTIST HEALTH SOUTH FLORIDA, INC.,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION ON MOTION TO DISMISS [ECF No. 8]**

Racquel Roache sues Baptist Health South Florida, Inc. ("Baptist Health") for religious discrimination and retaliation under federal and state law. ECF No. 1. Baptist Health moves to dismiss on the grounds that it was not Ms. Roache's employer, Boca Raton Regional Hospital ("Boca") was. ECF No. 8.

After Baptist Health filed its Motion to Dismiss and before responding to the Motion, Ms. Roache sought leave to amend the Complaint to add Boca as an additional defendant, on the theory that Baptist Health and Boca were joint employers. ECF No. 12. After full briefing, Judge Cannon denied leave to add Boca as a joint defendant with Baptist Health. ECF No. 20. Judge Cannon found that the proposed Amended Complaint lacked sufficient evidence to plausibly infer a joint employer relationship. More specifically, she held there was insufficient evidence to "retain Baptist Health as a Defendant in this action," *id*. at 4, and that "any amendment of the complaint that would retain Baptist Health as a defendant would

be futile in this case." *Id*. at 2. That ruling was without prejudice to Mr. Roache seeking leave to amend the complaint with Boca as the sole defendant. *Id*. at 4 n.1.

Judge Cannon also ordered Ms. Roache to respond to the Motion to Dismiss. *Id*. at 4. In her Response, Ms. Roache says that the Motion to Dismiss should be denied and Baptist Health should remain a defendant in this case. ECF No. 21. She makes this argument even though the existing Complaint contains fewer factual allegations about Baptist Health than the proposed Amended Complaint that Judge Cannon already found failed to state a plausible claim against Baptist Health. And, the Response ignores Judge Cannon's finding that there were no circumstances under which Baptist Health could remain a defendant.

To supplement the Complaint to try to show that Baptist Health was her employer, Ms. Roache appended 49 pages of new evidence to her Response. ECF No. 21-1. Even assuming the Court ordinarily could consider this kind of evidence in deciding a Motion to Dismiss, given the procedural posture of this case, it should not be considered, here. Essentially, Ms. Roache is arguing that this additional evidence shows that Judge Cannon was wrong to conclude that Ms. Roache cannot state a plausible claim for relief against Baptist Health. The Response is essentially a procedurally improper motion to reconsider.

The issue of whether Baptist Health is a proper defendant has been fully litigated and decided. The Court's clear answer is "no."

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss Baptist Health as a defendant.  ECF No. 8.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 25th day of October 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE